JULIA SMITH GIBBONS, Circuit Judge,
concurring.
I fully concur in the majority opinion with the exception of one small quibble. I would not use the term “rebuttable presumption” to describe the inference that a new mark used to sell sex-related products is likely to tarnish a famous mark if there is a clear semantic association between the two. Practically speaking, what the inference is called makes little difference. I agree with the majority opinion that the inference is a strong one and that, to counter it, some evidence that there is no likelihood or probability of tarnishment is required. But because we are endeavoring to interpret a new law and because the legislative history is not explicit on the point of modification of the burden of proof, I think it best to end our analysis by characterizing the inference as an inference.